IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD LYCANS, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.   2:24-cv-00707

NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Nationwide Property & Casualty Insurance Company's ("Nationwide" or "Defendant") Motion for Bifurcation and Stay of Discovery. (ECF No. 14.) For the reasons discussed herein, the motion is **DENIED**.

**I.  BACKGROUND**

This action involves an insurance dispute between Nationwide and Plaintiffs Ronald Lycans and Robin Lycans (collectively "Plaintiffs" or the "Lycans"). (ECF No. 1-1 at 4.) According to the Complaint, a tree fell through the roof of the Plaintiffs' home (the "Residence") on April 2, 2024. (*Id.* at 5, ¶ 7.) At the time, Plaintiffs allegedly had "a valid homeowner's insurance policy" issued by Nationwide (the "Policy"), which "covered the type of damage sustained." (*Id.* ¶ 8.)

"Plaintiffs promptly notified Defendant of the loss and filed a claim . . . for property damage in accordance with the terms of the policy." (*Id.* ¶ 9.)  Yet, Plaintiffs assert that, despite having coverage for the claim, "Defendant has engaged in dilatory tactics, failed to properly

1

investigate the claim, and made an unreasonably low settlement offer that is grossly inadequate to cover the cost of repairs to the property." (*Id.* ¶ 10–11.) Specifically, Plaintiffs allege that "Defendant's offer failed to account for all necessary repairs, materials, and labor, as determined by licensed West Virginia independent contractors and professionals hired by the Plaintiffs." (*Id.* ¶ 12.)

Consequently, on November 7, 2024, Plaintiffs initiated this lawsuit in the Circuit Court of Nicolas County, West Virginia. (*See generally id.*) The Complaint asserts three causes of action against Defendant. Count One, which alleges a claim for breach of contract, is premised on Defendant's failure to offer Plaintiffs a sufficient sum of money to make the necessary repairs to the Residence. (*Id.* at 6.) Count Two, which alleges a claim for statutory and common law first-party bad faith, states that Defendant breached its duty of good faith and fair dealing by, *inter alia*, failing to conduct a prompt and thorough investigation of Plaintiffs' claim; failing to provide a reasonable basis for its low settlement offer; making unreasonably low settlement offers; delaying the settlement of the claim; and engaging in practices designed to pressure Plaintiffs into accepting an inadequate settlement. (*Id.* at 6–8.) Count Three asserts a claim for unjust enrichment, based on "Defendant's receipt and retention of full payment of premiums under the Policy and refusal to pay Plaintiffs an amount of money sufficient to affect the necessary repairs to the Residence." (*Id.* at 8–9).

Defendant removed this action on December 9, 2024. (*See* ECF No.1.) Defendant then filed the pending motion for bifurcation and stay on March 24, 2025.[1] (ECF Nos. 14, 17.)

---

[1] The parties subsequently filed a Joint Motion to Stay, requesting the Court to stay "all deadlines set forth in the Scheduling Order" pending the resolution of the Motion for Bifurcation and Stay. (*See* ECF No. 25.) On June 24, 2025, the Court granted that motion and removed the case from the active docket. (ECF No. 33.)

2

Plaintiff filed a response, (ECF No. 20), and Defendant filed a reply, (ECF No. 21). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

In pertinent part, Federal Rule of Civil Procedure 42 provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

The moving party has the burden of persuasion that bifurcation is appropriate. *Lester v. Homesite Ins. Co. of the Midwest*, No. CIV.A. 1:14–20361, 2014 WL 6682334, at *1 (S.D. W. Va. Nov. 25, 2014) (citation omitted). Under Rule 42(b), "the granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Separating issues for trial, however, "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note.

In turn, Federal Rule of Civil Procedure 26(c) provides, in pertinent part, as follows:

> The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place . . . for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c)(1)(A), (B).

## III. DISCUSSION

In this case, Defendant seeks to (1) bifurcate Plaintiffs' bad faith claims in Count Two and unjust enrichment claim in Count Three (collectively, "Bad Faith Claims") from Plaintiffs' breach of contract claim in Count One and (2) stay discovery of the Bad Faith Claims pending resolution

3

of Count One. (ECF No. 17.) Defendant asserts that "[t]he heart of Plaintiffs' Complaint is a contract/coverage issue—namely, a dispute over the scope of covered direct physical loss actually caused by the felled tree, as well as the reasonable cost to repair the covered loss." (*Id.* at 3.) Defendant claims that Plaintiffs' Bad Faith Claims are dependent upon Plaintiffs' contract claim in Count One. (*See id.*) Thus, Defendant reasons that granting its motion would be efficient and promote judicial economy. The Court disagrees.

To start, Plaintiffs' Bad Faith Claims do not all "depend" on Count One. Yes, under West Virginia law, a court must find that coverage exists in order for a plaintiff to pursue *common law* bad faith claims against an insurance company.[2] *See Cava v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 753 S.E.2d 1, 9 n. 6 (W. Va. 2013). However, as Plaintiff notes, (ECF No. 20 at 5), a court need not find that coverage exists in order for a plaintiff to pursue *statutory* bad faith claims against an insurance company, *see McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 514–15 (W. Va. 1996). Thus, not *all* of Count Two is dependent on Count One. (*Cf.* ECF No. 21 (acknowledging as much but reasoning that a failed contract claim will nonetheless reduce and define the scope of a statutory bad faith claim).)

Similarly, Count Three is not dependent on Count One at this juncture. "Under West Virginia law, there can be no recovery for unjust enrichment if there is an express contract covering the same subject matter . . . ." *See Case v. Shepherd*, 84 S.E.2d 140, 144 (W. Va. 1954) ("An express contract and an implied contract, relating to the same subject matter, can not co-exist.").

---

[2] The parties dispute whether a "coverage issue" exists. Plaintiffs aver that there is not a coverage issue because "[t]his case is strictly about the cost to repair covered damages"—not whether the damages themselves were covered under the Policy. (*See* ECF No. 20 at 2.) Conversely, Defendant attests that this dispute over the cost of repair is due to the fact that "there was pre-existing and unrelated damage to the home" that is not covered under the Policy. (*See* ECF No. 21 at 1–2.) Regardless, the Court does not find bifurcation for discovery purposes to be appropriate, as discussed below.

4

Nevertheless, Federal Rule of Civil Procedure 8, permits a plaintiff to plead alternative claims. *See* Fed. R. Civ. P. 8(d)(3); *see also* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). More specifically, "[w]hen the terms of a contract are disputed," a plaintiff may plead a claim of unjust enrichment as an alternative to a breach of contract claim. *Span Constr. & Eng'g, Inc. v. Uwharrie Builders, LLC*, 2019 WL 1574233, at *2 (N.D. W. Va. Jan. 30, 2019) (collecting cases). Thus, while Plaintiffs "may not recover under both breach of contract and unjust enrichment theories, [they are] entitled to plead them in the alternative at this point of the litigation." *See Heater v. Gen. Motors*, LLC, 568 F. Supp. 3d 626, 642 (N.D. W. Va. 2021) (Keeley, J.) (resolving a motion to dismiss).

Further, even though Plaintiffs' common law bad faith claim is dependent upon Count One, bifurcation is not appropriate. In *Light v. Allstate Ins. Co.*, 506 S.E.2d 64 (W. Va. 1998), the Supreme Court of Appeals of West Virginia ("SCAWV") revisited its holding in *State ex rel. State Farm Fire & Casualty Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994). In *Madden*, it was implied that bifurcation and stay of a third-party claim of bad faith against an insurer are mandatory; however, the *Light* decision provides that "in a first-party bad faith action . . ., bifurcation and stay of the bad faith claim from the underlying action are not mandatory," thus leaving it to the discretion of the court. 506 S.E.2d at 72. To guide the courts' exercise of discretion concerning the propriety of a bifurcation and stay, *Light* provides six factors to consider: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6)

5

the burden placed on the trial court by imposing a stay on discovery.  *Id.*  "The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue."  *Id.*; *Toler v. Gov't Employees Ins. Co.*, 309 F.R.D. 223, 225 (S.D. W. Va. 2015) (Goodwin, J.).

In this case, the *Light* factors do not support bifurcation.  First, there are only two parties in this case: the Lycans and Nationwide.  Second, there are not complex coverage issues to be resolved.  Defendant simply attempts to make this case sound more complicated than it truly is.  (*See* ECF No. 21 at 2–3 (claiming that Count One is "sufficiently complex" merely because it has different elements and will require different evidence than the Bad Faith Claims).)  Instead, whether there was "pre-existing and unrelated damage" to the Residence, (ECF No. 21 at 1–2), is, as Plaintiffs characterize it, "a straightforward factual inquiry that overlaps significantly with the bad faith claims," (ECF No. 20 at 4).

Third, Plaintiffs could face undue prejudice if the Bad Faith Claims are bifurcated and discovery is stayed.  Because there are overlapping issues, staying discovery on the Bad Faith Claims could result in duplicative discovery requests, including multiple depositions of the same individuals.[3]  Thus, even if partial discovery is feasible under the fifth factor, it would be an inefficient use of the parties' time and resources.

Lastly, *even if the claims were not overlapping*, the fourth and sixth factors weigh against bifurcation.  As this Court explained in *Light*:

> Bifurcation might prove economical should [Defendant] win on the contract issue, but if Allstate does not prevail, the Court is faced with two voir dires, two phases of discovery and another round of seemingly endless motion filing and responses,

---

[3] Defendant contends that there will not be duplicative discovery if the case is bifurcated.  (*See* ECF No. 21 at 5.)  However, it seems clear that issues in the Bad Faith Claims related to Defendant's alleged "unreasonably low settlement offer," and/or "refusal to pay Plaintiffs" overlap with Count One's allegation that Defendant failed "to offer Plaintiffs a sufficient sum of money to make the necessary repairs to the Residence."  (*See* ECF No. 1-1 at 6–9.)

6

all in addition to two separate trials. This can be very expensive and no doubt time consuming for all those involved.

*Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D. W. Va. 1998).

In light of these considerations, the bifurcation and stay of discovery is unwarranted. Accordingly, to the extent that Defendant's motion to bifurcate applies to discovery, it is **DENIED WITH PREJUDICE**. Nevertheless, to the extent that Defendant's motion seeks to bifurcate the issues for trial, the motion is **DENIED WITHOUT PREJUDICE**, subject to refiling after completion of discovery. *See Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-CV-09356, 2014 WL 880876, at *2 (S.D. W. Va. Mar. 6, 2014) (Goodwin, J.) (collecting cases in which courts have done the same).

## IV.    CONCLUSION

For these reasons, Defendant's Motion for Bifurcation and Stay of Discovery, (ECF No. 14), is **DENIED WITH PREJUDICE** insofar as it applies to discovery. The parties are **ORDERED** to proceed with discovery on all claims. However, the motion is **DENIED WITHOUT PREJUDICE** to the extent Defendant seeks to bifurcate the issues for trial. The Court further **DIRECTS** the Clerk to re-open this case and restore it to the active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    September 9, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE